MARCIAL SUÁREZ-SUÁREZ ET AL., Plaintiffs and Appellants, v. TELESFORO HERNÁNDEZ ET AL., Defendants and Appellees.

No. 4333. Argued November 9, 1927.—Decided November 23, 1927.

*C. Coll y Cuchí* and *Soto Rivera* for the appellants.  *Luis C. Castro* for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This action of unlawful detainer was brought against forty-two defendants. The district court dismissed the complaint on the ground that as the pleadings and the evidence showed a real conflict of titles, it could not be adjusted in an action of unlawful detainer.

The plaintiffs appealed. We have examined the record and the briefs of the plaintiffs carefully and are of the opinion that the judgment appealed from should be affirmed.

The evidence of the defendants has a wider scope than the appellants admit. It tends to show that the defendants had lived on the property for more than thirty years, all of them joining in the payment of the taxes, and the property remaining undivided. The property had been owned originally by two and the others are their heirs or successors.

Under these circumstances the repeated jurisprudence of this court that in a case of conflicting titles unlawful detainer does not lie is clearly applicable.

In regard to the contention that the complaint should have been sustained at least as to some of the defendants we will say that if the statements of those who testified are carefully studied it must be concluded that they apply to all of them. There is no detailed evidence referring to the status of each of them. But this was unnecessary. It is not sought here to settle the case finally. It seems that all of the defendants are more or less related to each other and that they have agreed among themselves as to the use of the property. The deeper we go into the record and into

the situation shown by it the clearer do we see the necessity and the justice of the decision rendered by the district court.

Nothing is prejudged by that decision. The doors of the court are wide open to the plaintiffs. But they should resort to an ordinary action in which they as well as the defendants will have an opportunity to clear up the facts in such a manner as to make it possible to render a just judgment.

The appeal must be dismissed and the judgment appealed from affirmed.